IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | 8:10CV225 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MASTER LOCK COMPANY, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 16, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against two defendants: Master Lock Company ("Master Lock") and John Doe. (Filing No. 1 at CM/ECF p. 1.) Master Lock is incorporated in Wisconsin, with a principal place of business in Oak Creek, Wisconsin. (*Id*.) John Doe is an agent and employee of Master Lock. (*Id*.) Plaintiff is a prisoner confined at the Nebraska State Penitentiary ("NSP") in Lincoln, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that he purchased a Master Lock padlock from the NSP canteen on or about January 14, 2008. (*Id*. at CM/ECF p. 2.) Plaintiff used the padlock for a normal purpose and kept it out of the weather. (*Id*. at CM/ECF p. 2.) Over time, the chrome on the padlock's "hook" began peeling. (*Id*.)

On June 3, 2010, Plaintiff tried opening the padlock and was cut by the peeled chrome. (*Id*.) Plaintiff injured his thumb, "which bled excessively" due "to the depth of the cut." (*Id*.) Plaintiff alleges the injury was caused by a defect in the padlock. (*Id*. at CM/ECF pp. 2-6.) Plaintiff seeks monetary damages in the amount of $97,000.00. (*Id*. at CM/ECF pp. 5-6.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

The court liberally construes Plaintiff's Complaint to allege a products liability claim under Nebraska law.  Such a claim is only appropriately brought before the court if Plaintiff's Complaint meets the requirements for subject matter jurisdiction.  As set forth by the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. Pro. 12(h)(3).  Subject matter jurisdiction may be proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a).

Liberally construed, Plaintiff's complaint satisfies the requirements of 28 U.S.C. § 1332.  Plaintiff resides in Lincoln, Nebraska, and Defendants are both residents of Milwaukee, Wisconsin. (Filing No. 1 at CM/ECF p. 1.)  Thus, the parties are diverse.  In addition, Plaintiff seeks more than $75,000.00 in damages, which is enough to satisfy the jurisdictional requirement.  (*Id.* at CM/ECF pp. 5-6.)  Further, Plaintiff has set forth enough allegations to "nudge" his claims across the line from "conceivable to plausible." *See Bell Atlantic Corp.*, 550 U.S. at 569-70.  Plaintiff's claims against Defendants may therefore proceed.  However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's claims against Defendants may proceed and service is now warranted.

2.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send THREE (3) summons forms and THREE (3) USM-285 forms (one summons form for service on Doe in his individual capacity, one summons form for service on Doe in his official capacity, and one summons form for service on Master Lock) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days

after receipt of the summons to answer or otherwise respond to a complaint.

6.    The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**December 13, 2010**: Check for completion of service of summons."

7.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal.**

DATED this 17th day of August, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.