IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | 8:10CV225 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MASTER LOCK COMPANY, and | ) | |
| JOHN DOE, to be sued in both | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on several pending discovery motions filed by the parties. The court will address each motion in turn.

## I. *Plaintiff's Motion for Production of Documents and Motion for Admissions*

    On October 25, 2010, Plaintiff filed a Motion for Production of Documents (filing no. 27) and Motion for Admissions (filing no. 28). These Motions requests were served pursuant to Fed. R. Civ. P. 34; they do not seek to compel discovery responses from Defendants. (*See* Filing Nos. 27 and 28.) Although these submissions were docketed as Motions, they do not appear to seek relief from the court. Accordingly, the court dismisses the Motions without prejudice.

## II. *Master Lock Company's Motion for Leave to Take Plaintiff's Deposition*

    Also pending is Defendant Master Lock Company's ("Master Lock") Motion for Leave to Take Plaintiff's Deposition. (Filing No. 32.) Plaintiff is a prisoner at the Nebraska State Penitentiary. (*See* Docket Sheet.)

Federal Rule of Civil Procedure Rule 30(a)(2)(B) states that a party must obtain leave of court to depose a person confined in prison. Leave shall be granted to the extent consistent with the principles stated in Rule 26(b)(2). Fed. R. Civ. P. 30(a)(2). Master Lock's Motion is therefore granted, and the deposition proposed for December 21, 2010, may proceed.

Separately, the court notes that Master Lock has not complied with the court's October 19, 2010, Memorandum and Order. (*See* Docket Sheet.) In that Memorandum and Order the court directed Master Lock to contact counsel for the Nebraska Department of Correctional Services ("NDCS") to determine whether NDCS would object to producing Plaintiff's institutional file. (Filing No. 19.) The court also instructed Master Lock to notify the court, in writing, of any objections. (Filing No. 19.) Rather than comply with this Memorandum and Order, Master Lock decided to renew its Motion for an order directing NDCS to produce records. (Filing No. 25.) Master Lock shall have until December 15, 2010, to comply with the court's October 19, 2010, Memorandum and Order. Alternatively, Master Lock may comply with Fed. R. Civ. P. 45 and notify the court that a nonparty subpoena has been properly served on NDCS. Failure to comply may result in the denial of Master Lock's Motion for Protective Order and Production of Documents.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Production of Documents (filing no. 27) and Motion for Admissions (filing no. 28) are dismissed without prejudice.

2. Defendant Master Lock's Motion to Take Plaintiff's Deposition (filing no. 32) is granted.

3. Defendant shall have until December 15, 2010, to comply with the court's October 19, 2010, Memorandum and Order. Alternatively, Master Lock may

comply with Fed. R. Civ. P. 45 and notify the court that a nonparty subpoena has been properly served on NDCS. Failure to comply may result in the denial of Master Lock's Motion for Protective Order and Production of Documents.

4.   The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: December 15, 2010: check for Master Lock's response to the court's October 19, 2010, Memorandum and Order`.

5.   Defendant Master Lock's Motion to Extend Discovery Deadlines (filing no. 31) is granted. A separate progression order will be entered.

DATED this 17th day of November, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.