IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT S. HILLARD, | ) | 8:10CV225 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MASTER LOCK COMPANY, and | ) | |
| JOHN DOE, to be sued in both | ) | |
| individual and official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Master Lock Company's ("Master Lock") Motion for Protective Order and Production of Records. (Filing No. 17.) For the reasons discussed below, the Motion is granted.

Defendant Master Lock filed its Motion for Protective Order and Production of Records on October 1, 2010. (*Id*.) On October 19, 2010, the court reviewed the Motion and directed Master Lock to contact counsel for the Nebraska Department of Correctional Services ("NDCS") to determine whether NDCS would object to producing Plaintiff's institutional file, computerized file, medical records, copy of x-rays, substance abuse records and educational programming records ("Requested Records"). (Filing No. 19.) That same day, Master Lock's counsel contacted NDCS attorney Kathy Blum, who stated that NDCS would not object to producing the Requested Records if there was a court order. (Filing No. 20.) In light of this, and the fact that the Requested Records are discoverable evidence, Master Lock's Motion is granted.

However, because the Requested Records contain confidential material, they shall be subject to a protection order. (Filing No. 19.) Indeed, Neb. Rev. Stat. § 83-178 provides that the content of a prisoner's "file shall be confidential and shall not

be subject to public inspection except by court order for good cause shown and shall not be accessible to any person committed to the department." Neb. Rev. Stat. § 83-178(2). Accordingly, Master Lock will be permitted to review and copy the Requested Records subject to the provisions contained in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Master Lock's Motion for Protective Order and Production of Records (filing no. 17) is granted.

2. NDCS shall provide Master Lock with the Requested Records.

3. Master Lock shall use the Requested Records solely in connection with discovery, pretrial proceedings, preparations for trial, trial, appeal or settlement of this matter.

4. Prior to disclosing any of the Requested Records to any designated expert or consultant or to any other party, the proposed recipient must first execute an Agreement of Confidentiality described in Filing No. 17.

5. All persons to whom the Requested Records are disclosed must:

    a. Keep such custody or control over the Requested Records so as to assure that they are not lost, misplaced, or inadvertently disclosed in violation of the provisions of this Memorandum and Order;

    b. Not reveal the contents of the Requested Records to any person not already subject to the terms of this Memorandum and Order;

      c.      Not reveal or use the contents of the Requested Records except for the purposes set forth in Paragraph Three above;

      d.      Promptly return to counsel for the disclosing party any copy of the Requested Records when such records are no longer required for the purposes set forth in Paragraph Three above.

6.    Upon entry of final judgment in this matter, the parties shall return the Requested Records to NDCS. This Memorandum and Order is to remain in force until modified by this court.

DATED this 29th day of November, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.